TYSON, Judge.
Gregory Temple appeals from the denial and dismissal of his petition for writ of habeas corpus. The petitioner was originally sentenced in April of 1980 to 30 years’ imprisonment on a conviction of second degree robbery. In March of 1987, he was paroled and he went to Mississippi. There, he was suspected of other criminal activity and was arrested on May 27, 1987. He was declared delinquent on June 2, 1987. He was then returned to the Alabama Department of Corrections, and his parole was revoked on June 30, 1987.
On July 11, 1988, Warden Larry Burton and Debbie Boone of Social Services recommended that the petitioner resume his Incentive Good Time (IGT) status. The Central Review Board disapproved this recommendation and stated:
“Criminal history — nature of case — -almost instant parole violation with new crime. To turn loose again via I.G.T. is not in the interest of society.” (R. 7)
The petitioner subsequently filed a petition for a writ of habeas corpus. In this petition, he basically alleged that it was a denial of due process to prevent him from resuming IGT status and to strip away his 15 months of IGT, which he had accrued prior to parole, without a hearing.
The district attorney’s office filed a motion to dismiss this writ, alleging that Alabama Department of Corrections Regulation #420, Section 3, Article 2(b), states that an inmate’s IGT status is automatically terminated upon parole revocation; therefore, the petitioner failed to state a claim. A copy of this regulation was not made part of the record, and apparently was not attached to the motion to dismiss.
On February 24, 1989, the trial judge ordered the petition for writ of habeas corpus dismissed. The petitioner was assigned counsel and appealed to this court. On appeal, the petitioner basically alleges that he was denied due process by the Central Review Board and that the action it took was not within its legal discretion. Petitioner also avers that he was entitled to an evidentiary hearing because the allegations in his petition were not specifically *283 contested in the responsive pleading by the State, i.e., the motion to dismiss.
We agree that the petitioner was entitled to an evidentiary hearing to determine if he was denied due process. In his writ, the petitioner alleged two separate issues. (1) He asserted that it was a denial of due process to fail to return him to IGT status without a hearing. (2) He also alleged that it was a denial of due process to strip away 15 months of IGT, which he had accrued prior to parole, without a hearing.
The State merely addresses the first issue in its motion to dismiss. Furthermore, the State supports its motion to dismiss by paraphrasing a regulation which is not contained in the record and we cannot take judicial notice of this type of regulation. See Jenkins v. State, 516 So.2d 944 (Ala.Cr.App.1987).
Those facts not refuted by the State are deemed true. Owens v. State, 507 So.2d 576 (Ala.Cr.App.1987). Because the allegations of the petitioner are meritorious and are not refuted by the State, he was entitled to an evidentiary hearing. See Ex parte Boatwright, 471 So.2d 1257 (Ala.1985); Austin v. State, 533 So.2d 637 (Ala.Cr.App.1987). Thus, the trial court incorrectly denied the petitioner’s writ of habeas corpus without granting him a hearing on the merits to determine if he was denied due process of law.
This cause is remanded to the court with instructions that an evidentiary hearing be held in accordance with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.