Charles Edward Blount appeals from the summary denial of his A.R.Cr.P.Temp. 20 petition. He filed his petition on November 9, 1989, seeking post-conviction relief on the ground that he had allegedly been denied his constitutional right to effective assistance of counsel during the proceedings wherein he was prosecuted in Mobile County for burglary in the third degree; convicted, as charged, by a jury on October 18, 1988; and sentenced, as a habitual offender with three prior felony convictions, to life imprisonment on December 16, 1988. He was represented in the burglary case by appointed counsel. On the date of sentence, December 16, 1988, different counsel was appointed to represent him on appeal. He appealed his conviction, and we affirmed, without issuing an opinion, on August 25, 1989. Blount v. State, 553 So.2d 136 (Ala.Cr.App. 1989).
Appellant specifically contends, in his petition, that he was denied effective assistance of counsel by his trial attorney's failure to move for a judgment of acquittal on the burglary charge on the ground of insufficient evidence; by his trial attorney's failure to request that the jury be instructed on the defense of duress; and by appellate counsel's filing of an"Anders"[1] brief even though, he says, several meritorious claims could have been raised. The state *Page 500 
moved for dismissal of the petition on the grounds that it lacked specificity and constituted a successive petition. On January 22, 1990, the trial court entered its order denying the petition on the grounds that it was a successive petition within the meaning of Rule 20.2(b), because appellant had previously filed a Rule 20 petition alleging the same or similar grounds, and that the asserted issues either had been raised or could have been raised on appeal of the burglary conviction, Rule 20.2(a)(4) and (5).
The record shows that, while appellant's appeal on the burglary charge was pending, he filed a petition for writ of habeas corpus in the Mobile Circuit Court, claiming that the sentence for his burglary conviction was invalid due to an erroneous application of the Habitual Felony Offender Act. The record also shows that the petition was dismissed, after an evidentiary hearing, on August 3, 1989. No appeal was taken from that ruling.
The record also shows that, on September 11, 1989, appellant filed a second petition, which was designated a Rule 20 petition, seeking post-conviction relief from his burglary conviction. He claimed that (1) his conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest, (2) he was denied effective assistance of counsel, both at trial and on appeal, and (3) the sentence imposed exceeded the maximum authorized by law, or was not authorized by law. The trial court denied the petition on October 13, 1989, without a hearing. The trial court held that appellant was precluded from asserting the allegation of an invalid sentence due to an incorrect application of the Habitual Felony Offender Act because this allegation had been ruled upon in the previous habeas corpus proceedings and was, therefore, raised by a successive petition under Rule 20.2(b) and, further, that appellant either had raised the issue on appeal or could have done so. The trial court, relying on Rule 20.2(a)(4) and (5), further held that the allegations of ineffective assistance of counsel were precluded because they had been addressed on appeal and rejected and that the allegation of an unlawful arrest was precluded because it could and should have been raised on appeal. No appeal was taken from this ruling.
The instant petition is, in effect, the third petition attacking, in some respect, the burglary conviction. However, we do not agree with the trial court's denial of the present petition on the two grounds cited by the trial court: (1) that the petition was precluded as a successive petition under Rule 20.2(b); and (2) that it was precluded because the issue alleged therein, ineffective counsel, was either raised or addressed on appeal or it could have been raised on appeal and was not, Rule 20.2(a)(4) and (5). In regard to the trial court's first holding, the court relied on Rule 20.2(b), which provides the following:
 "The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice." (Emphasis added.)
We construe this rule to require that, before a subsequent petition can be deemed successive, a previous petition must have been considered on its merits. In other words, a second or successive petition on the same or similar grounds cannot be deemed procedurally barred unless the same or similar grounds asserted in a prior petition were adjudicated on their merits. In addition, a second or successive petition on different grounds cannot be procedurally barred unless the prior petition was adjudicated on its merits and petitioner shows "both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence . . ., and that failure to entertain the petition will result in a miscarriage of justice," Rule 20.2(b). Thus, the first inquiry in determining whether a subsequent petition, on the same or on *Page 501 
different grounds, is successive is whether a prior petition was decided on its merits.
We find support for this holding in our earlier decisions concerning successive petitions for writs of error coram nobis, for cases dealing with writs of error coram nobis may be used in interpreting the Rules of Criminal Procedure governing post-conviction remedies, Ex parte Lockett, 548 So.2d 1045
(Ala. 1989); A.R.Cr.P.Temp. 20. The well-settled rule was that repeated applications for writs of error coram nobis resting on the same allegations, which had been previously adjudicated, should not be entertained because of the doctrine of res judicata; however, the rule which provided that the trial court need not entertain a second or successive petition presupposed adequate consideration of the merits of the first petition and, if the judgment rendered was not on the merits, the defense of res judicata failed. See Alexander v. State, 462 So.2d 955
(Ala.Cr.App. 1984), and cases cited therein. The federal courts apply a similar rule in determining whether an issue in a federal post-conviction relief petition should be barred as successive. Sanders v. United States, 373 U.S. 1,83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Alexander v. State.
We do not view the trial court's denial without a hearing of appellant's first Rule 20 petition[2] as a decision on the merits of the issues raised. As far as we can tell, the allegations in the petition were never contested by responsive pleadings filed by the state, and no evidentiary hearing was held. Moreover, it is clear from the court's order denying the first Rule 20 petition that appellant's allegations were denied on procedural grounds. Such a summary denial of the petitions cannot fairly be taken as an adjudication of the merits of the claims presented. See Mitchell v. State, 547 So.2d 1194 (Ala.Cr.App. 1989). See also Hall v. Alabama, 700 F.2d 1333 (11th Cir. 1983), cert. denied, 464 U.S. 859, 104 S.Ct. 183,78 L.Ed.2d 163 (1983). Thus, the present petition cannot be barred as successive. We consider that our interpretation in this regard is in keeping with the spirit and intent of the Rule. See Rule 1.2, Ala.R.Cr.P. (effective January 1, 1991) (which provides, in part, that the Rules "shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare").
We admittedly have more difficulty in reviewing the trial court's denial of the present petition on the application of Rule 20.2(a)(4) and (5),[3] for we are perplexed at the injustice and confusion that results from a broad application, in this case, of the literal wording of the two subsections. They read as follows:
 "A petitioner will not be given relief under this rule based upon any ground:
". . .;
 "(4) Which was raised or addressed on appeal or in any previous collateral proceeding; or
 "(5) Which could have been but was not raised on appeal. . . ."
Although the effectiveness of counsel issue was raised in appellant's pro se brief on appeal, it was not properly before this court. It had not been presented to the trial court and, thus, had not been preserved for our review. See Dossey v.State, 489 So.2d 662 (Ala.Cr.App. 1986); Heath v. State,485 So.2d 1226 (Ala.Cr.App. 1986). To construe subsection (4) to hold that, because appellant raised the issue of ineffectiveness of counsel on appeal although we refused to address it because it was not presented to the trial court and would be better presented in a Rule 20 petition, he is now foreclosed would be against the express dictate to construe the *Page 502 
Rules to secure fairness in their administration. In this instance, we find "raised" to be superfluous, as against the intent and spirit of the Rules. To hold otherwise would be grossly unjust and absurd.
We further note that to be "intelligible" and easy to administer, see Committee Comments to Rule 1.2, the language "in any previous collateral proceeding" incorporates the requirements of section (b) discussed above, in the event the previous proceeding is a Rule 20 proceeding. In other words, a ground raised in a prior Rule 20 petition cannot be barred unless the merits of a prior petition were adjudicated. To hold otherwise would negate any validity and effectiveness of the first sentence of Rule 20.2(b).
In regard to the trial court's application of subsection (5), we find that, realistically, appellant's counsel could not have presented, on appeal, the particular allegations of counsel's ineffectiveness. Foremost, such action, as we have noted, would have been for naught. In the interests of fairness, of counsel's ethical duty to present valid and factually supported claims to the trial court, and of judicial economy, we are not going to require this counsel, who was appointed at sentencing, to have relied on his client's memory and rendition of the trial proceedings in order to have asserted a claim of ineffectiveness in a motion for new trial. The instant record suggests that appellant's counsel had no fair opportunity to formulate and present the issue of ineffective counsel in a motion for new trial. To adequately and effectively raise the issue of ineffective counsel in a motion for new trial, counsel would have had to have, in all likelihood, access to a transcript of the trial proceedings. To suggest that the post-trial proceedings be held in abeyance until a trial transcript was available to counsel for use in preparing a motion for new trial would encourage unnecessary delay and unwise expenditure of judicial resources. Finally, we point out the obvious: counsel appointed at sentencing could not have possibly asserted the allegation of ineffective appellate counsel. For the above-stated reasons, we cannot agree with the trial court's reliance on subsections (4) and (5) to foreclose appellant's petition.
In summary, the present circumstances present a clear example of the injustice that may result from an inequitable application of Rule 20's procedural bars. While these rules of procedural bar should be followed to foreclose frivolous and repetitive allegations, they are not to be construed to procedurally foreclose a petitioner from the remedy which he is due. Finally, we caution that, in order for this court to uphold a finding that a second or subsequent petition is barred as being successive, the record must clearly reflect an adjudication of the merits of a previous petition, and this requirement can, most likely, be met only by the trial court's making "specific findings of fact relating to each material issue of fact presented," as is required by Rule 20.9(d).
Even though we have concluded that the trial court erroneously denied appellant's petition on the stated grounds, we still find that appellant is not entitled to relief, because his allegations lack merit.
In considering appellant's appeal from the adverse ruling of the trial court in the Rule 20 proceeding now before us, we take judicial notice of the record of the burglary trial which is on file in this court, and we have reviewed it again. The evidence presented by the state shows that, around 2:00 a.m. on January 13, 1988, two persons, a black man and a white man, broke into a Wal-Mart store in Mobile; broke open a glass case in the store and seized watches, gold chains, and assorted jewelry of the value of $3,782.27; and fled. They were observed by a night employee, and their activities were videotaped. Appellant was not one of the persons in the store. An alarm was received at police headquarters, and patrolman Ronald Dyal headed for the scene in his patrol car. As he approached the scene of the burglary, he met a green automobile leaving the Wal-Mart area. There was no other traffic; it was the only moving vehicle he observed. He turned around to follow the vehicle, and it immediately speeded up. He turned on his blue *Page 503 
lights and siren and pursued the vehicle. Even though the speed limit in the area was 45 miles per hour, the vehicle attained speeds of 70 to 75 miles per hour and its driver was obviously attempting to elude the patrolman. The chase continued for several miles until the driver of the vehicle lost control of the vehicle on a curve and struck the curb, blowing out a tire. The driver continued for another half-mile, running on a flat tire until the vehicle wrecked. As Officer Dyal approached the wrecked vehicle, he observed three occupants. Two black men were in the front seat, and a white man was in the back. The white man jumped out of the vehicle and ran away. Dyal apprehended the men in the front seat. Appellant was the driver of the vehicle. The stolen merchandise was recovered from the vehicle. Appellant made no statement at the scene, but later made a statement at police headquarters in which he stated that he had had a flat tire and that some men ran up to him with a gun and forced him to drive off at a high rate of speed. No gun was found in the wrecked automobile. Dyal testified that the automobile did not have a flat tire until the driver lost control of it and it hit the curb. He stated that, during the chase, he was within six car-lengths of the vehicle.
Appellant did not testify and offered no evidence in his defense.
The record further shows that the guilty verdict was returned by the jury on October 18, 1988, and that the trial court continued the proceedings until December 16, 1988, for sentencing, and advised appellant that he had prior felony convictions and that his sentence would be enhanced under the Habitual Felony Offender Act. At the sentencing hearing on December 16, 1988, appellant admitted to three prior felony convictions, i.e., robbery, kidnapping, and rape, and testified that he had been represented by counsel in those cases. It is clear, from the record, that the Habitual Felony Offender Act was properly applied in enhancing appellant's sentence for the burglary conviction.
The record shows that appellant's claim that counsel failed to question the sufficiency of the evidence is untrue. Upon conclusion of the state's case, appellant's counsel moved for a judgment of acquittal on the sufficiency of evidence ground and argued, to the jury, appellant's theory of defense that he was forced at pistol-point to drive the burglars away from the scene. The trial court's charge to the jury covered this theory of defense. Counsel also pointed out the obvious mistaken identification of one state witness. We note, however, that even though this witness identified appellant as being one of the two burglars in the store, the evidence is clear that appellant was not in the store, but drove the getaway car. Appellant's characterization of the mistaken identity testimony of the store employee as "perjury" is not supported by the record. Finally, under the facts, we cannot say that appellate counsel was constitutionally ineffective in filing anAnders brief on direct appeal. In fact, in our opinion, such a brief was appropriate.
The evidence of guilt of burglary in the third degree is strong and convincing. Appellant's defense that he was forced, at gunpoint, to drive the burglars away from the scene, which incidently came into evidence only by way of state witnesses, is incredible and not worthy of belief under the circumstances of this case.
Even though we have held that the trial court improperly denied appellant's petition on the grounds stated, instead of remanding the case for a hearing in the trial court, we have chosen, in the interest of judicial economy, to go directly to the merits of the issues raised, since the records before us are clearly sufficient to dispense with appellant's allegations of ineffectiveness. Further hearings in the trial court are unnecessary and could only duplicate what we already have in the record. We find that the record refutes the allegations of ineffective assistance of counsel and, in fact, establish that counsel met the requirements of Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Page 504 
Based on the foregoing, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967).
[2] Although the petition for writ of habeas corpus appears to have been adjudicated on the merits, because an evidentiary hearing was held, the state cannot rely upon it to urge the successiveness of the present petition, for the remedy of habeas corpus is very narrow and the present allegation of ineffectiveness of counsel is not cognizable in a habeas corpus petition.
[3] We note that the court incorrectly reached a similar conclusion in its ruling dismissing appellant's first Rule 20 petition on October 13, 1989.