This is an appeal from the denial of a Rule 20, A.R.C.P. Temp., petition.
According to his petition, the appellant was found guilty of murder, in violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to 99 years' imprisonment, was fined $20,000.00, and was ordered to pay $4,000.00 in restitution, $25.00 to the Crime Victims Compensation Fund, and court costs. The appellant states that on June 15, 1988, he filed a petition for writ of habeas corpus in the Montgomery Circuit Court and that his petition subsequently was transferred to the Barbour Circuit Court. The appellant says that on January 27, 1989, he filed a petition under Rule 20 in the Barbour Circuit court, that notice of appearance by counsel was filed on March 9, 1989, and that the petition was set for hearing on September 22, 1989. The appellant further says that on August 25, 1989, his counsel amended the petition and that, on or about the same date, he filed a pro se motion to dismiss the petition. The record indicates that on October 30, 1989, the appellant's motion to dismiss was granted and that on October 31, 1989, a motion by his counsel to withdraw also was granted. On April 4, 1990, the appellant filed the present petition, which was summarily dismissed on April 6, 1990, "due to a previous Rule 20 [petition] having been filed."
The appellant contends that the circuit court's dismissal of his April 4, 1990, Rule 20 petition without a hearing is error because his previous petitions were never fully adjudicated. In support of his argument, he appended to his appellate brief a copy of a motion to dismiss his January 27, 1989, Rule 20 petition, made "pursuant to Rule 41, Alabama Rules of Civil Procedure" (sic). Also, he appended to his appellate reply brief a copy of a case action summary continuation, containing entries from June 20, 1988, to August 23, 1990. He argues that the attachments evidence that the dispositions of his previous petitions are not determinations on the merits. While attachments to briefs are not to be considered a part of the record, Royer v. State, 542 So.2d 1301, 1302-03 (Ala.Cr.App. 1988), there is no indication in the record that any prior petition filed by the appellant was adjudicated on the merits so that the instant petition could properly be considered a successive petition. Blount v. State, 572 So.2d 498
(Ala.Cr.App. 1990). Moreover, the record fails to include any response or answer by the State to the appellant's petition. Rule 20.7, Alabama Temporary Rules of Criminal Procedure. According to Rule 20.3, "[t]he State shall have the burden of pleading any ground of preclusion, but once a ground of preclusion has been pleaded the petitioner shall have the burden of disproving its existence by a *Page 752 
preponderance of the evidence." Because the State failed to plead that the appellant's petition should be precluded as successive because a prior petition had been adjudicated on the merits, Blount v. State, supra, this cause is due to be remanded to the trial court for such an adjudication. The trial court is instructed to file a return with this court within 90 days.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
* "Reporter's note: Upon being advised that the trial court, without opposition by the State, had ordered an evidentiary hearing on the appellant's original petition, the Court of Criminal Appeals dismissed the appeal by order dated May 20, 1991." *Page 1317