Mickey Ellison appeals from the trial court's summary dismissal of his A.R.Cr.P.Temp. 20 petition, in which he contested the validity of his 1989 conviction for second degree theft and his resulting sentence of 25 years' imprisonment. This conviction was pursuant to Ellison's plea of guilty, and it was not appealed.
In his petition, Ellison asserted that his sentence, imposed under the Habitual Felony Offender Act, is unconstitutional because (1) the state failed to introduce certified copies of the prior convictions used to enhance his sentence and he did not admit to having any prior convictions; and (2) the record of the proceedings fail to affirmatively show that the state gave him notice of the prior convictions upon which it was going to rely and, thus, certified him under Temp. Rule 6(b)(3)(ii). In regard to this latter allegation, Ellison asserted that, because of this lack of notice, the court had no jurisdiction to sentence him as a habitual offender. He requested that his sentence be vacated and that he be resentenced in accordance with § 13A-5-6(a)(3).
The state, in its motion to dismiss, argued that the instant petition had been preceded by two others and, thus, that it should be denied as successive, Temp. Rule 20.2(b). The state averred that on November 4, 1989,[1] Ellison filed a motion in the Covington Circuit Court, which was styled "Petition for Writ of Habeas Corpus," but which was treated by the court as a Rule 20 petition and was dismissed on November 16, 1989. Ellison's instant petition alleged that this ruling was made without benefit of an evidentiary hearing. The state further averred that, on January 5, 1990,[2] Ellison filed a second petition that was dismissed on January 5, 1990. Ellison's instant petition averred that Ellison did not receive a hearing on this petition — a Rule 20 petition — either. The dismissal of the second petition was appealed, and we affirmed it by an unpublished memorandum opinion on August 3, 1990. In our unpublished memorandum opinion, we specifically noted that the ruling was due to be affirmed "because the present petition is a successive petition under which relief is precluded pursuant to Rule 20.2(b), A.R.Cr.P.Temp."
The state, in its motion to dismiss the instant petition, also averred, in regard to Ellison's claims, that Ellison "pled guilty *Page 152 
and was sentenced under a plea agreement which had previously been negotiated and had been conveyed to him."
The trial court dismissed the instant petition upon its finding that "Ellison is precluded pursuant to Rule 20.2(b), . . . and fails to raise any material issue, fact or law, which would entitle him to relief and that no purpose would be served by any further proceedings."
In Blount v. State, 572 So.2d 498, 500 (Ala.Cr.App. 1990), the court held that, "before a subsequent petition can be deemed successive, a previous petition must have been considered on its merits." A summary denial of a petition, such as one based on procedural grounds, "cannot fairly be taken as an adjudication of the merits of the claims presented," id. at 501. In order for a petition to be procedurally barred as successive, the state must plead that the prior petition had been adjudicated on its merits. Kuk v. State, 580 So.2d 750
(Ala.Cr.App. 1991). See also Temp. Rule 20.3 (which states, in part, that "[t]he State shall have the burden of pleading any ground of preclusion").[3] Contra Vintson v. State, 494 So.2d 869
(Ala.Cr.App. 1986) (wherein the court upheld the denial of a petition for writ of error coram nobis as successive, where the second petition did not allege that the allegations in the first petition had not been fully adjudicated). See alsoMcDaniel v. State, 526 So.2d 895, 896 (Ala.Cr.App. 1987) (wherein the court, in reviewing the denial of a petition for writ of error coram nobis as successive, declined to followVintson where the record affirmatively shows that the allegations of the prior petition have never been fully adjudicated).
Ellison's first petition renders neither the instant petition nor the second petition successive, for it was not adjudicated on its merits. The record on appeal of the second petition contains the order of dismissal of the first petition, wherein the court dismissed on its finding that Ellison "is precluded from raising certain issues and fails to raise other material issue of fact or law which would entitle him to relief."[4]
Likewise, the second petition — a Rule 20 petition — does not render the instant petition successive because it was not adjudicated on its merits. The record on appeal of the second petition shows that the trial court, by written order, held that, upon consideration of the state's motion to dismiss, the second petition was to be dismissed. In the state's motion to dismiss, the state asserted that the second petition had been rendered successive by Ellison's first petition, pursuant to Temp. Rule 20.2(b).
Thus, the trial court's holding that the instant petition was precluded as successive is incorrect. However, the court also ruled that Ellison "fail[ed] to raise any material issue, fact or law, which would entitle him to relief." In regard to Ellison's first ground — that the state failed to introduce certified copies of his prior convictions — this ground would not entitle him to relief because it could have been, but was not, raised on appeal. See Temp. Rule 20.2(a)(5). In regard to Ellison's second ground — that the record of his guilty plea proceedings fails to affirmatively show that he was given notice — this ground is also foreclosed because it could have been, but was not, raised on appeal. Although this ground should be recognized on direct appeal, even in the absence of an objection in the trial proceedings, see e.g., May v. State,586 So.2d 56 (Ala.Cr.App. 1991) and cases cited therein, our supreme court, in Ex parte Lockett, 548 So.2d 1045, 1047-48
(Ala. 1989), stated the following:
 "In the present case, Lockett's petition is grounded on the state's alleged failure *Page 153 
to give him notice of its intention to proceed at sentencing under the Habitual Felony Offender Act, Code of Alabama 1975, § 13A-5-9 et seq. . . .
 "The Court of Criminal Appeals held in Glover [v. State, 531 So.2d 705 (Ala.Cr.App. 1988),] that Rule 20 does not provide a review of alleged improper enhancement of a defendant's sentence by the state through use of the Habitual Felony Offender Act. We hold that such a claim is properly presented in a direct appeal to the Court of Criminal Appeals. Lockett's failure to rise this issue on his appeal cannot be remedied in a Rule 20 proceeding. We must, therefore, hold that Rule 20 relief is precluded on this issue, pursuant to Rule 20.2(a)(5), and, therefore, that he was not entitled to a hearing."
The one exception to preclusion under Temp. Rule 20.2(a)(5) is provided by Temp. Rule 20.1(b): "The court was without jurisdiction to render judgment or to impose sentence." Evidently, contrary to Ellison's argument, by the supreme court's holding in Lockett, the lack of notice does not affect the trial court's jurisdiction to impose sentence. CompareFerguson v. State, 565 So.2d 1172 (Ala.Cr.App. 1990). Moreover, even if the allegation of lack of notice was cognizable in a Rule 20 proceeding, Ellison's allegation does not present a claim, for it does not foreclose the possibility that he was given proper notice, but such notice was not included in his record of the proceedings. See Hayes v. State, 588 So.2d 502
(Ala.Cr.App. 1991)
Based upon the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[1] This petition, which is contained in the record on appeal of the second petition, shows that it was filed October 4, 1989.
[2] This petition was actually filed on January 2, 1990, according to the clerk's date on the petition and the case action summary.
[3] "It would seem that the State would have some facts upon which to ground any pleading in which it claimed a preclusion. In other words, the State should not file a pleading in court if it does not have some basis, in fact, to support the pleading." H. Maddox, Alabama Rules of Criminal Procedure, p. 790 n. 21 (1990).
[4] Our present holding on this matter obviously overrules our holding in Ellison v. State, 572 So.2d 887 (Ala.Cr.App. 1990), that Ellison's second petition was properly dismissed as being successive.