McMILLAN, Judge.
The appellant on November 29, 1990, filed a petition pursuant to Rule 20, A.R.Cr.P.Temp., seeking an out-of-time appeal of his conviction of robbery in the first degree and burglary in the first degree. In his petition, he states that he pleaded guilty to the charges and that he was sentenced to two concurrent terms of life imprisonment. Thereafter, according to the appellant, he filed a Rule 20 petition on the grounds of “20.9 and 20.1(f).” He states that this petition was denied as a successive petition by the trial court on July 17, 1990, without an evidentiary hearing.
*1106 In addition, the appellant argues that he was not advised before sentencing of “Rule 11,” apparently a reference to Rule 11 of the Federal Rules of Criminal Procedure, which does not apply in this proceeding. We find no abuse of discretion in the trial court’s decision to dismiss this claim. The appellant also argues that he was denied the right to a habitual offender’s hearing. However, he has failed to properly raise this issue in brief on appeal, and therefore we shall not consider it. Boutwell v. City of Bay Minette, 522 So.2d 325 (Ala.Cr.App.1988); see Rules 31(c) and 45B, A.R.A.P.
The petition filed by the appellant is a form petition on which as grounds of the petition the appellant marked only “F. The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner’s part.” The State’s answer included a specific plea that relief was precluded because the ground of the petition had been raised in a previous collateral proceeding. The State did not, however, indicate that there had been an adjudication on the merits in that proceeding. The trial court then denied the appellant’s petition as successive by Rule 20.2(b).”
In order for a petition to be successive, there must have been a prior adjudication of the issue raised in the latter petition on the merits. Kuk v. State, 580 So.2d 750 (Ala.Cr.App.1991); Blount v. State, 572 So.2d 498 (Ala.Cr.App.1990). There is no indication of such an adjudication in the present case.
Therefore, this cause must be remanded to the trial court with instructions to determine whether the previous petition was decided on its merits. If not, the trial court is instructed to conduct an evidentiary hearing on the merits of the appellant’s petition. A return should be filed with this Court within 84 days.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.