Marques Jerome Montoya filed a Rule 32, A.R.Cr.P., petition challenging his convictions for robbery and kidnapping. In its answer, the State responded that "the petition is repetitive." (R. 31.) In its order denying the petition, the trial court found that "this petition is repetitive and fails to raise any issue upon which relief could be granted." (R. 36.)
"In Blount v. State, 572 So.2d 498, 500 (Ala.Cr.App. 1990), the court held that, 'before a subsequent petition can be deemed successive, a previous petition must have been considered on its merits.' . . . In order for a petition to be procedurally barred as successive, the state must plead that the prior petition had been adjudicated on its merits. Kuk v.State, 580 So.2d 750 (Ala.Cr.App. 1991)." Ellison v. State,593 So.2d 150, (Ala.Crim.App. 1991). Here, the State did not allege that the prior petition had been adjudicated on its merits, and there is no evidence in the record that such an adjudication had occurred.
The trial court also found that the petition did not allege any issue upon which relief could be granted. This finding is not supported by the record. There are at least two allegations raised by the appellant that were not refuted by State. Because these allegations are meritorious on their face, the appellant was entitled to an evidentiary hearing. Temple v. State,555 So.2d 282 (Ala.Crim.App. 1989).
This cause is remanded to the circuit court with directions that the trial court determine whether the appellant's prior petition was adjudicated on its merits. If the first petition was decided on its merits, then the trial court must reflect this fact in the record. If the first petition was summarily dismissed, the appellant is, at the least, entitled to a hearing on his allegations. A return to remand shall be filed with this court within 60 days of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* [On return to remand, the court on February 12, 1993, dismissed the appeal, by an unpublished memorandum.]