PATTERSON, Judge.
The appellant, Thomas Carlton Wilkins, appeals from the circuit court’s denial of his A.R.Cr.P. 32 petition and its finding that “[t]he matter is one which is inappropriate for relief because it is one ... [w]hich has already been made the basis of a post-conviction petition” and, also, that “the matter is not one for which petitioner would be or is entitled to relief on the merits.” In Wilkins’s petition, he contested the validity of his three 1990 convictions, one for first degree burglary and two for third degree burglary. These convictions rest upon Wilkins’s pleas of guilty. For these convictions, Wilkins was sentenced, as a habitual offender, to 16-year sentences, to run concurrently. The state failed to file a response to Wilkins’s petition.
Wilkins contends that the circuit court erroneously denied his Rule 32 petition without an evidentiary hearing. In response, the attorney general asserts that the instant petition was “obviously” filed outside the two-year period of limitations, Rule 32.2(c).[1] On December 19, 1990, Wilkins entered his guilty pleas and was sentenced. No appeal was taken. Rule 32.2(c) states that “[i]n the case of a conviction not appealed to the Court of Criminal Appeals, [the petition must be filed] within two (2) years after the time for filing an appeal lapses.” The time for filing an appeal lapsed on January 30, 1991. Thus, the two-year period of limitations for filing grounds specified in Rule 32.1(a) and (f) would have lapsed on January 30, 1993. The instant petition was filed on June 26, 1992, well within the two-year period.
The attorney general also asserts that the instant petition was correctly denied because, he asserts, it is successive, Rule 32.2(b), within the guidelines delineated in Blount v. State, 572 So.2d 498 (Ala.Cr.App.1990). This argument is supported by the attorney general’s contention that “[ajlthough it is not clear from the record whether the trial court ruled on the merits in the first petition, the second petition fails to show the grounds raised are different from the grounds in the previous petition.”
The record in this case contains three case action summaries showing that a Rule 32 petition had been previously filed, attacking Wilkins’s three burglary convictions. (We consider there to be only one prior petition, which, like the instant petition, was directed at the three convictions — not three separate petitions.) These case action summaries show only that, four days after the state had filed a motion to dismiss the petition, the circuit court denied the petition. The record does not contain all of Wilkins’s petition. It is missing the second and third pages of the required form — the pages containing the questions calling for information about any appeal of the petitioner’s original conviction and about any previous petition filed with respect to that judgment. However, Wilkins’s petition does allege that a prior petition was “[dismissed without a hearing” on June 28, 1991. Because the case action summaries of the prior petition show that that petition was denied on June 28,1991, we assume that Wilkins is referring to this petition.
The court in Blount v. State clearly held that, “before a subsequent petition can be deemed successive, a previous petition must have been considered on its merits,” id. at 500. The Blount court further ruled that, regardless of whether the subsequent petition raises the same or different grounds, “the first inquiry in determining whether a subsequent petition ... is successive is whether a prior petition was decided on its merits,” id. at 500-01. On the record before us, we cannot consider Wilkins’s first petition to have been adjudicated on its merits. Thus, the present petition cannot be barred as successive.
*707 In so holding, we once again decline to follow Vintson v. State, 494 So.2d 869 (Ala.Cr.App.1986), wherein the court upheld the denial of a petition for writ of error eoram nobis as successive, where the record indicated that Vintson had not been given an evi-dentiary hearing on his first petition and his second petition did not allege that the first petition’s allegations had not been fully adjudicated. The court in McDaniel v. State, 526 So.2d 895, 896 (Ala.Cr.App.1987), in reviewing the denial of a petition for writ of error coram nobis as successive, declined to follow Vintson where the record affirmatively showed that the allegations of the prior petitions had never been fully adjudicated because the record showed that the prior petitions had been dismissed pursuant to the state’s motions to dismiss. In addition, the court in Ellison v. State, 593 So.2d 150 (Ala.Cr.App.1991), declined to follow Vintson. There, the court, in reviewing the denial of an A.R.Cr.P. Temp. 20 petition as successive, held that Ellison’s third petition was not successive where that petition alleged that his two prior petitions had been dismissed without evidentiary hearings. The reviewing court was also aware that the circuit court had dismissed Ellison’s first petition on preclusion grounds and on the finding that it “fails to raise other material issue of fact or law which would entitle him to relief,” id. at 152, and that the second petition had been erroneously dismissed as successive, id. The Ellison court also stated the following:
“In order for a petition to be procedurally barred as successive, the state must plead that the prior petition had been adjudicated on its merits. Kuk v. State, 580 So.2d 750 (Ala.Cr.App.1991). See also Temp. Rule 20.3 [presently A.R.Cr.P. 32.3] (which states, in part, that ‘[t]he State shall have the burden of pleading any ground of preclusion’). [Footnote omitted.]”

Id.

Thus, we are left solely with the circuit court’s finding that “the matter is not one for which petitioner would be or is entitled to relief on the merits.” We do not consider the record before us to be adequate for a review of this finding, particularly where we have no record of the original convictions and where Wilkins’s has asserted over 10 pages of claims of ineffective assistance of counsel.
Accordingly, we remand this cause with directions that the state file a response in accordance with Ex parte Bice, 565 So.2d 606 (Ala.1990), and that the circuit court then take whatever actions are necessary to submit to this court on remand specific findings of fact relating to each material issue of fact alleged by Wilkins. The circuit court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 60 days of the release of this opinion. The return to remand shall include a transcript of any remand proceedings conducted by the circuit court.
REMANDED WITH DIRECTIONS.
All Judges concur.

. The attorney general fails to reckon with the narrow application of this procedural bar, because this bar cannot foreclose the assertion of the trial court’s lack of jurisdiction or of an unauthorized sentence — allegations that have been asserted by Wilkins in the instant petition.