On Return to Remand

PATTERSON, Judge.
On May 7, 1993, we remanded this ease to the trial court with instructions that the state be required to file a response to Thomas Carlton Wilkins’s Rule 32, A.R.Cr.P., petition *708 for post-conviction relief and that the trial court file written findings of fact relating to the issues raised in the petition. 629 So.2d 705. The trial court complied with our instructions by holding an evidentiary hearing on the petition and making findings in regard to the numerous issues raised in Wilkins’s petition. Wilkins questioned the jurisdiction of the trial court, the legality of his sentence, and the effectiveness of his trial counsel. The trial court’s findings and its denial of the petition are supported by the record.
The trial court found that Wilkins had been properly -sentenced, but that a clerical error had been made on the case action summary sheet. He ordered that the case action summary sheet be corrected so that it would show that Wilkins was sentenced to 10 years’ imprisonment each in cases number 90-2164 and 90-2165, and that the sentences were to run concurrently with the sentence of 15 years’ imprisonment in case number 90-2176. During the hearing on the petition it was disclosed that Wilkins had entered guilty pleas in the three cases as a result of a plea agreement, in which the state agreed that in return for the 3 guilty pleas, it would not prosecute Wilkins in 11 other burglary cases. When Wilkins learned that all cases against him could be restored to the docket if his guilty pleas were set aside, he, with advice of counsel, requested that the trial court deny his petition.
We find that the judgment 'of the trial court denying the petition is due to be affirmed.
AFFIRMED.
All Judges concur.