MONTIEL, Judge.
The appellant, Ozzie Lee Hardy, appeals from the summary dismissal of his second Rule 32, A.R.Crim.P., petition challenging his 1985 conviction for robbery in the first degree. Nothing in the record reflects that the trial court held a hearing on the merits of the appellant’s first Rule 32 petition.
In his current petition, the appellant alleges (1) that he received ineffective assistance of counsel; (2) that the prosecution failed to give notice of intent to invoke the Habitual Felony Offender Act; (3) that prosecutorial misconduct deprived him of the right to receive a fair trial; (4) that the trial court gave improper jury instructions; and (5) that the trial court erred in failing to make an adequate determination of his mental condition. The trial court ruled that the appellant’s claims were precluded because they were time-barred and because the appellant’s petition was a successive one.
All the appellant’s contentions, other than his contention that his counsel was ineffective were, or could have been, addressed on direct appeal. Rule 32.5, Ala.R.Crim.P.; Robinson v. State, 629 So.2d 1 (Ala.1993) (allegation that the State failed to provide proper notice of intent to invoke the Habitual Felony Offender Act is to be addressed on direct appeal); Thompson v. State, 581 So.2d 1216 (Ala.Crim.App.1991), aff'd, 503 So.2d 887 (Ala.1987), cert. denied, 484 U.S. 872, 108 S.Ct. 204, 98 L.Ed.2d 155 (1987) (issues that could have been raised on direct appeal are precluded from review in post-conviction proceedings). Therefore, this Court’s review of those contentions is precluded.
However, the issue of ineffective counsel can properly be raised in a Rule 32 petition. Although the State argues otherwise, we cannot discern from the record whether the appellant’s contention in his first Rule 32 petition that he received ineffective assistance of counsel was ever addressed on the merits. His present Rule 32 petition alleges specific acts on the part of his trial counsel, who was also the appellant’s appellate counsel, and requires an evidentiary hearing on the ineffective assistance of counsel claim.
Because the record does not reflect that the appellant’s Rule 32 petition is successive in so far as his ineffective assistance of coun *1333 sel claim, we remand this case to the trial court with instructions to determine whether the appellant’s ineffective assistance of counsel claim was previously addressed on its merits. If the appellant’s contention was not addressed on the merits, the trial court must hold an evidentiary hearing on the claim of ineffective assistance of counsel asserted in the appellant’s Rule 32 petition. See Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala.1985); Shephard v. State, 587 So.2d 1105, 1106 (Ala.Crim.App.1991). A return should be filed with this Court in 90 days.
REMANDED WITH INSTRUCTIONS. 
All the Judges concur.