McMILLAN, Judge.
This is an appeal from the summary denial of a Rule 32 petition filed by the appellant, Daryl Kigh Ward. The appellant pleaded guilty to, and was subsequently convicted of, escape in the first degree, § 13A-10-31, Code of Alabama 1975. He was sentenced to life imprisonment.
In his petition, the appellant makes the following arguments: (1) that he was denied the effective assistance of counsel; (2) that the trial court was without jurisdiction to render judgment or to impose sentence; (3) that the sentence imposed exceeds the maximum authorized by law; (4) that newly discovered facts exist that require that his conviction be vacated; and (5) that he faded to appeal within the proscribed time, and that that failure was without fault on his part.
The State moved to dismiss the petition, stating as grounds that the petition was procedurally barred as a “successive petition,” under Rule 32.2(b), AR.Cr.P. The trial court adopted the State’s motion in its order and dismissed the petition as successive.
Our examination of the record, however, reveals that although the appellant had filed a previous Rule 32 petition, that petition was dismissed without an evidentiary hearing. It is well settled that for a petition to be denied as “successive,” the prior petition must have been “heard” on its merits. In Blount v. State, 572 So.2d 498, 500 (Aa. CrApp.1990), this court held that: '
“[T]he court held that, ‘before a subsequent petition can be deemed successive, a previous petition must have been considered on its merits.’ A summary denial of a petition, such as one based on procedural grounds, ‘cannot fairly be taken as an adjudication of the merits of the claims presented,’ id. at 501. In order for a petition to be procedurally barred as successive, the state must plead that the prior petition had been adjudicated on its merits. Kuk v. State, 580 So.2d 750 (AIa.Cr.App.1991). See also Temp.Rule 20.3 [now Rule 32.3] (which states, in part, that ‘[t]he State shall have the burden of pleading any ground of preclusion’).”
Because the State’s motion to dismiss did not address the merits of the petition or state a proper ground of preclusion, and because of the insufficiency of the record before us dispensing with the appellant’s allegations, this cause is remanded so that the State can respond to the allegations contained in the appellant’s petition. The trial court should then conduct further proceedings as may be necessary under Rule 32, AR.Cr.P. See Rule 32.7(d) and Rule 32.9, AR.Cr.P. The findings of'the trial court shall be returned to this court within 45 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.