PATTERSON, Retired Appellate Judge.
Harold Ray Gilbert filed a petition for post-conviction relief pursuant to Ala.R.Cr.P. 32, attacking his conviction for murder, and alleging that his trial counsel was ineffective because, he says, counsel knew that one of the state’s key witnesses testified falsely. Specifically, he alleges that the witness, Carl Clance, saw someone else murder the victim. Gilbert attached to his petition an affidavit from Clance asserting that Steve Bridgman, not Gilbert, killed the victim.
In its motion to dismiss, the state responded, among other things, that “if the state *782 needs to respond to this Rule 32 petition, the state request[s] an order in writing from this Honorable Court or in the alternative an order dismissing successive Rule 32 [petition].” The circuit court granted the motion without issuing a written order.
“ ‘In Blount v. State, 572 So.2d 498, 500 (Ala.Cr.App.1990), the court held that, “before a subsequent petition can be deemed successive, a previous petition must have been considered on its merits.” ... In order for a petition to be proeedurally barred as successive, the state must plead that the prior petition had been adjudicated on its merits. Kuk v. State, 580 So.2d 750 (Ala.Cr.App.1991).’ Ellison v. State, 593 So.2d 150 (Ala.Crim.App.1991). Here, the State did not allege that the prior petition had been adjudicated on its merits, and there is no evidence in the record that such an adjudication, had occurred.”
Montoya v. State, 615 So.2d 1250, 1250 (Ala.Cr.App.1992).
Gilbert alleges in the present petition that his prior Rule 32 petition was denied, on September 19, 1996, without an evidentiary hearing. That allegation indicates that there is a possibility that the petition was not decided on its merits, and because the state has not pleaded otherwise, we must remand this case to the circuit court with instructions that it determine whether the appellant’s pri- or petition was adjudicated on its merits. If the first petition was decided on its merits, then the circuit court should indicate that fact in its return to remand. We point out that if the circuit court determines that the present petition is successive, it should note that “[a] second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.” Rule 32.2(b). If the first petition was not decided on its merits, the circuit court should determine whether the appellant is entitled to an evidentiary hearing and proceed accordingly.
A return to remand shall be filed with this court within 60 days of this opinion reflecting the action taken by the circuit court and the basis for its decision.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REMANDED WITH INSTRUCTIONS*
All Judges concur.

 Note from the reporter of decisions: On May 8, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion, On August 14, 1998, that Court denied rehearing, without opinion.