The petition for writ of certiorari is denied. Although the entire record of the proceedings below is not before us, it is clear and undisputed from the petition, the opinion of the Court of Criminal Appeals, and the briefs that the petitioner was represented by two attorneys when he entered pleas of guilty on two charges of unlawful distribution of controlled substances. He was also represented by a third attorney on a third charge being dealt with in the same proceeding and on that charge entered a guilty plea to a charge of theft of property, second degree.
The trial court conducted a hearing before accepting these guilty pleas, and at that hearing Hill did not indicate any dissatisfaction with his attorneys.
Hill then filed a post-conviction petition under Rule 32, A.R.Cr.P. (formerly Rule 20, A.R.Cr.P.Temp.), alleging that the two attorneys who represented him in the controlled substance cases had rendered inadequate assistance. Under these facts, the trial court was justified in denying the post-conviction petition without holding a hearing. If Hill was dissatisfied with their representation, he had an opportunity to say so at the time the hearing was held on his guilty plea. Objections going to the adequacy of counsel must be raised at the first opportunity or else, like other objections, they are waived.
While it is true that our cases hold that a judge must conduct a hearing on a post-conviction petition that is meritorious on its face, a judge who presided over the trial or other proceeding and observed the conduct of the attorneys at the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon conduct that he observed. In this case, the judge considering the post-conviction petition had observed the representation of the attorneys at the hearing held on the defendant's guilty pleas. He reviewed the record made at that hearing and then denied the post-conviction petition. This was not error. In regard to the attorneys' representation, the petitioner alleged that they had failed to conduct pretrial investigations and had failed to represent him adequately at the proceeding at which the defendant pleaded guilty to two charges. The first allegation could have been made in the hearing held when the defendant entered his guilty pleas. The events that serve as the basis of the second allegation, charging inadequacy of representation at the proceeding, were observed by the same judge who ruled on the post-conviction petition. Because the judge had observed the attorneys in the original proceeding, it was not necessary for the judge to hold a hearing on the allegation that *Page 464 
their representation in the original proceeding had been inadequate.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, HOUSTON, and KENNEDY, JJ., concur.