MONTIEL, Judge.
Phillip Gay filed a post-conviction petition with the Coffee Circuit Court, attacking his first degree robbery conviction. In his petition, the appellant raises numerous grounds. The trial judge denied the petition without a hearing.
This cause must be remanded to the circuit court because of the State’s failure to respond, as required by Rule 32.7(a), A.R.Crim. P., to the allegations raised by the appellant in his petition. See Ex parte Rice, 565 So.2d 606 (Ala.1990); Smith v. State, 581 So.2d 1283 (Ala.Crim.App.1991), Rivers v. State, 583 So.2d 1368 (Ala.Crim.App.1991); Hughley v. State, 597 So.2d 764 (Ala.Crim.App.1992). But see Young v. State, 600 So.2d 1073 (Ala.Crim.App.1992) (prosecutor’s failure to file a statement of specific grounds of preclusion in response to Rule 32 petition may be harmless error). This cause is remanded to the trial court with directions that the State respond to the allegations raised in the appellant’s petition. The trial court is authorized to hold an evidentiary hearing if it deems a hearing is necessary. A return to remand will be filed with this court in 60 days.
REMANDED WITH DIRECTIONS.
PATTERSON, P.J., and McMILLAN, J., concur.
BOWEN, J., dissents with opinion in which TAYLOR, J., joins.