TAYLOR, Presiding Judge.
The appellant, Kenneth Andersch, pleaded guilty to two counts of sodomy in the first degree, violations of § 13A-6-63, Code of Alabama 1975, three counts of sexual abuse in the first degree, violations of § 13A-6-66(a)(3), and one count of sexual abuse in the first degree, a violation of § 13A-6-66(a)(l). He was sentenced to 15 years in the penitentiary for each of the sodomy convictions and to 5 years for each of the sexual abuse convictions. All of the sentences were to run concurrently.
On appeal, the appellant contends that his guilty pleas were not knowingly and voluntarily given. Specifically, he asserts that the trial court’s colloquy with the appellant did not fully comply with the procedural requirements of Rule 14.4, Ala.R.Crim.P.
We have no choice but to agree with the appellant. Rule 14.4(a)(1), states that the court must inform the accused of the following:
“(i) The nature of the charge and the material elements of the offense to which the plea is offered;
“(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions;
“(in) If applicable, the fact that the sentence may run consecutively with another sentence or sentences;
“(iv) The fact that the defendant has the right to plead not guilty, not guilty by reason of mental disease or defect, or both not guilty and not guilty by reason of mental disease or defect, and to persist in such a plea if it has already been made, or to plead guilty;
“(v) The fact that the defendant has the right to remain silent and may not be compelled to testify or give evidence against himself or herself, but has the right, if the defendant wishes to do so, to testify on his or her behalf;
“(vi) The fact that, by entering a plea of guilty, the defendant waives the right to trial by jury, the right to confront witnesses against him or her, the right to cross-examine witnesses or have them cross-examined in defendant’s presence, the right to testify and present evidence and witnesses on the defendant’s own behalf, and the right to have the aid of compulsory process in securing the attendance of witnesses; and
“(vii) The fact that, if the plea of guilty is accepted by the court, there will not be a further trial on the issue of defendant’s guilt.”
The trial court’s colloquy with the appellant did not comply with several requirements of the above rule. Most notably, the record shows that the appellant was not informed of the correct minimum punishment before entering pleas of guilty to the sodomy charges. The Alabama Supreme Court has consistently held that “a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional ■prerequisite to the acceptance of a guilty plea.” Ex parte Rivers, 597 So.2d 1308, 1309 (Ala.1991) (emphasis added). Accordingly, the trial court's denial of the appellant’s motion to withdraw his pleas of guilty to the sodomy charges must be reversed. Moreover, the appellant’s pleas to the sexual abuse charges must also be set aside because they were part of the same plea agreement.
Pursuant to Rule 14.4(e), “the charges against the [appellant] as they existed before any amendment, reduction, or dismissal made as part of a plea agreement” are automatically reinstated. On remand, if a new plea of guilt is entered, we caution the court to carefully comply with the requirements of Rule 14.4(a)(1).
Because we reverse on other grounds, it is unnecessary to address the issue whether the appellant reserved the right to appeal the issues that arose during the hearing on the appellant’s motion to suppress evidence. This proceeding is remanded to the Circuit Court for Montgomery County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.