The appellant, Kenneth Andersch, appeals from the trial court's denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he challenged his guilty-plea convictions for first-degree sodomy and first-degree sexual abuse.
The appellant originally pleaded guilty to two counts of sodomy in the first-degree and four counts of sexual abuse in the first degree. He was sentenced to 15 years' imprisonment for each of the sodomy convictions and to 5 years' imprisonment for each of the sexual abuse convictions. The sentences were to run concurrently. The appellant's convictions were reversed on direct appeal because of the trial court's failure to comply with Rule 14.4(a)(1), Ala.R.Crim.P. See Andersch v. State,668 So.2d 917 (Ala.Cr.App. 1995).
Although it is not clear from the record before this Court, the appellant apparently pleaded guilty to the same charges for a second time on or after September 8, 1995.[1] The appellant did not appeal from the convictions.
On June 20, 1997, the appellant filed the Rule 32 petition that is the subject of this appeal. On the portion of the printed form entitled, "Grounds of Petition," the appellant checked that he was entitled to relief because (1) his guilty pleas were involuntarily entered; (2) his convictions were obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him; (3) his convictions were obtained by violating the protection against double jeopardy; and (4) he was denied the effective assistance of counsel. The appellant also checked that the trial court was without jurisdiction to render the judgment or to impose the sentence, that the sentences exceeded the maximum authorized by law, and that he failed to appeal through no fault of his own. The facts presented in support of the above allegations are, for the most part, vague, confusing, and repetitive.
In regard to his claim that his pleas were involuntary, the appellant argued that his trial counsel coerced him into pleading guilty. The appellant maintained that his counsel told him that he had no choice but to plead guilty, and that if he insisted on proceeding to trial, he would receive a sentence of life imprisonment without parole for the sodomy convictions. (C.R.16.) As best we can discern, the appellant also claimed that he should not have pleaded guilty because, he alleged, he could have successfully defended the charges against him on the ground that he was suffering from a mental disease or defect at the time of the offenses. (C.R.16.) He argued that his pleas were involuntary *Page 244 
because, he said, his counsel did not explain all of his rights to him and because he did not understand the rights that he would be waiving by pleading guilty. (C.R.16.) The appellant also intimated that his counsel did not adequately investigate the facts and that, therefore, the appellant had no choice but to plead guilty. (C.R.17.)
In a related argument, the appellant alleged that he received the ineffective assistance of counsel.[2] Specifically, the appellant claimed:
 1. "Counsel refused to hold the prosecution to its burden of proving my guilt beyond a reasonable doubt, and my mental defects, insanity at the time of the offense and trial."
 2. "Counsel did not make sure that the State's evidence underwent the testing provided by the adversarial system."
 3. "Although I professed my mental defects and incompetent conditions at the time of the offenses as charged, counsel believed that [the] matter was cut and dried as to my guilt and did not believe my mental defects and insanity conditions, when records prove my mental conditions."
 4. "Counsel failed to properly investigate the charge alleged in the affidavits to issue a warrant, the indictment, and this failure led to my convictions."
 5. "Counsel failed to insure that my rights to the mentally incompetent, and mental defects was upheld [sic]."
 6. "Counsel failed to make sure that a mental examination hearing was held on the mental defects and insanity plea."
 7. "Counsel failed to file a motion for discovery, even though the state did furnish some material but withheld others."
 8. "Counsel failed to make sure that my rights to appeal on the second plea hearing was given and upheld."
 9. "Counsel failed to make sure that the trial court informed the petitioner of his rights to counsel and transcripts on appeal."
 10. "Counsel failed to challenge the State's evidence."
 11. "Counsel failed to make sure that the trial court was made aware that the petitioner should not have been sentenced under the HFOA, when the priors used had been dismissed in the state of Washington before he was sentenced."
 12. "My counsel accepted a plea agreement that was improper and contrary to the laws."
 13. "Counsel failed to file a motion to withdraw my plea or file a motion for new trial after the second plea of guilty hearing and sentencing hearing."
 14. "Counsel failed to appeal my conviction and sentencing which were in violation of my Constitutional rights."
 15. "Counsel failed to object to the illegal sentence that I received, because of being misinformed of the correct minimum and maximum sentences I could receive on the offenses."
(C.R.17-19.) (See, also, C.R.27.) The appellant argued that but for his counsel's performance, the result of the proceedings would have been different. (C.R. 19-21.)
As support for his claim that the trial court did not have jurisdiction to render the judgment or to impose the sentence, the appellant argued that he was improperly sentenced as a habitual felony offender because, he claimed, the prior convictions that were used to enhance his sentence had been dismissed before he was sentenced. (C.R.22, 27.) The appellant also maintained that he was never informed of the correct minimum and maximum sentences that he could receive for the sodomy and sexual abuse convictions. The appellant additionally averred that the trial court lacked jurisdiction to render the judgment or to impose the sentence because, he asserted, he was never given a hearing to determine his mental state at the time of the offenses. (C.R.23.) Last, he claimed that the indictment was defective because his wife testified against him in the grand jury proceedings. (C.R.24.) *Page 245 
The state moved to dismiss the petition, arguing that the claims were precluded from review because the claims could have been, but were not, raised at trial and on direct appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P. The trial court granted the state's motion to dismiss, finding that the claims were precluded because they should have been raised on direct appeal.
The appellant argues on appeal that the trial court erred in denying his petition without an evidentiary hearing. The attorney general maintains that the trial court correctly found that the allegations presented in the petition were precluded pursuant to the provisions of Rule 32.2(a)(5), Ala.R.Crim.P.
The appellant was not entitled to relief on his allegation that his convictions were obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him or on his allegation that his convictions were obtained by a violation against the protection against double jeopardy, because he failed to present any facts in support of these claims. Rule 32.3 and 32.6(b), Ala.R.Crim.P. The appellant's allegations that he was not given a hearing to determine his mental status at the time of the offenses and that the indictment was invalid because his wife testified against him at the grand jury proceedings do not implicate the jurisdiction of the trial court. Accordingly, the appellant is due no relief on those claims, because the claims could have been, but were not, raised at trial and on appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P.
From the record before this Court, we are unable to determine whether the appellant's claims of ineffective assistance of trial counsel are precluded, because it is unclear whether the appellant was convicted before or after the Supreme Court of Alabama's decision in Ex parte Ingram, 675 So.2d 863
(Ala. 1996).[3] If the appellant was convicted before the Alabama Supreme Court's decision in Ingram, newly appointed appellate counsel could have presented claims of ineffective assistance of trial counsel in a motion for new trial filed pursuant to Exparte Jackson, 598 So.2d 895 (Ala. 1992). Those same claims of ineffective assistance of trial counsel could have then been presented on direct appeal. Accordingly, if the appellant was convicted before the decision in Ingram, and the appellant was, in fact, represented by separate appellate counsel, then the allegations of ineffective assistance of trial counsel presented in the Rule 32 petition are precluded from review, because the claims could have been, but were not, raised at trial and on appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P. If, however, the appellant was convicted after Ingram, the appellant is not necessarily precluded from raising allegations of ineffective assistance of trial counsel in a Rule 32 petition. If the appellant can establish that appellate counsel could not have reasonably asserted all the allegations of ineffective assistance of trial counsel in a timely filed motion for new trial — thereby preserving the claims for review on direct appeal — then the appellant is not precluded from raising ineffective assistance of trial counsel claims in a Rule 32 petition. See Ingram, supra.
Contrary to the trial court's findings, the appellant's allegations of ineffective assistance of appellate counsel are not precluded. "The Rule 32 petition represents the appellant's first opportunity to present that claim to the circuit court."Alderman v. State, 647 So.2d 28, 31 (Ala.Cr.App. 1994).
Furthermore, according to the Alabama Supreme Court's decision in Cantu v. State, 660 So.2d 1026 (Ala. 1994), the appellant's challenge to the voluntariness of his guilty plea is not precluded "even though it was a matter that could have been, but was not, raised in the trial court — by a timely objection, a timely motion to withdraw the guilty plea, or a timely motion for a new trial — and then pursued on direct appeal." *Page 246 Baker v. State, 717 So.2d 859, 860 (Ala.Cr.App. 1996).
The appellant's allegation that he was improperly sentenced as a habitual felon is also not necessarily precluded. "An issue regarding the imposition of a sentence that exceeds the maximum allowed by law may be raised at any time." Kaska v.State, 709 So.2d 500, 502 (Ala.Cr.App. 1997).
Although some of the appellant's allegations are precluded from review, several of his allegations are not, and from the record before this Court, we are unable to assess the merits of the appellant's allegations. Accordingly, we find that it is necessary to remand this cause to the trial court for the trial court to enter a new order addressing the appellant's allegations that his trial and appellate counsel rendered ineffective assistance, that his guilty pleas were involuntary, and that he was improperly sentenced as a habitual felon.
In remanding this cause, we direct the trial court's attention to our order of remand in Harper v. State,676 So.2d 949, 950-51 (Ala.Cr.App. 1995), aff'd, 698 So.2d 796
(Ala.Cr.App. 1996) (table), where we stated:
 "Because of the wealth of allegations in Harper's petition, if the court finds that a particular allegation fails to meet the requirements of specificity of Rule 32.6(b), we encourage the court to so note with particularity in its written findings. It is to do likewise if it finds that a particular allegation fails to state a claim or to present any material issue of fact or law that would entitle Harper to relief. In other words, the court's written findings are to address individually each claim not precluded by Rule 32.2.
 "In the event that the circuit court on remand finds that any of Harper's claims, particularly any of the ineffective counsel claims, are meritorious on their face, the court may properly dispose of those allegations without an evidentiary hearing under one of two sets of circumstances. First, if it has before it 'facts supporting the position of each party [that] are fully set out in . . . supporting affidavits.' Johnson v. State, 564 So.2d 1019, 1021
(Ala.Cr.App. 1989) (relying on Temp. Rule 20.9(a), Ala. R. Cr. P., now Rule 32.9(a), which states, in part, that 'the court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing'). Second, if the events that serve as the basis of the ineffective counsel allegation were observed by the same judge who rules on the Rule 32 petition. Ex parte Hill, 591 So.2d 462, 463 (Ala. 1991) (wherein the court held that 'a judge who presided over the trial or other proceeding and observed the conduct of the attorneys at the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon the conduct that he observed'). See also Benefield v. State, 583 So.2d 1370, 1370 (Ala.Cr.App. 1991) (wherein the court noted that meritorious allegations 'warrant either an evidentiary hearing or an adequate explanation for their denial'). In the event that the circuit judge has personal knowledge of the actual facts underlying any of Harper's allegations, he may deny the allegations without further proceedings on those allegations so long as he states the specific reasons for the denial in his written order. See Sheats v. State, 556 So.2d 1094 (Ala.Cr.App. 1989)."
(Emphasis added.)
Should the trial court deem it necessary to hold an evidentiary hearing addressing the appellant's allegations, the trial court's return to remand shall include a transcript of those proceedings. In the event that the trial court conducts an evidentiary hearing or takes evidence as provided in Rule 32.9(a), Ala.R.Crim.P. on the appellant's allegations, Rule 32.9(d), Ala.R.Crim.P., requires that the trial court enter a finding of fact addressing each material issue of fact presented. On remand, the trial court may, in its discretion, require a more thorough response from the state.[4] The trial court should take the necessary *Page 247 
action to ensure that the circuit clerk makes due return to this court at the earliest possible time within 56 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
[1] According to the appellant's petition, he pleaded guilty on September 8, 1995 — the same date this Court released its decision reversing his original convictions. It is not clear from the record whether the appellant's reference to the September 8, 1995 date was an error or whether he was actually re-convicted on that day.
[2] According to the appellant's petition, he was represented by different counsel at trial and on appeal.
[3] In Ex parte Ingram, which was released on February 23, 1996, the Alabama Supreme Court overruled Ex parte Jackson,598 So.2d 895 (Ala. 1992), "to the extent that it allows a defendant's newly appointed appellate counsel to move to suspend the Rule 24.1(b), Ala.R.Crim.P., 30-day jurisdictional time limit for new trial motions." Ingram, 675 So.2d at 865.
[4] As we have stated, "[d]istrict attorneys would be well advised when answering Rule 32 petitions presenting 'voluntariness' claims to take steps to generate transcripts of the guilty plea proceedings under attack when transcripts of those proceedings do not already exist." Baker, 717 So.2d 859, 860 n. 2 (Ala.Cr.App. 1996).
* On May 8, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.