LONG, Presiding Judge.
The appellant, Eric Tolbert, filed a petition for post-conviction relief pursuant to Rule 32, Ala.R.Crim.P., attacking his April 21, 1995, conviction for the offense of discharging a firearm into an occupied vehicle and the 18-year sentence that resulted. The trial court denied the appellant’s petition without an evidentiary hearing.
In his petition, the appellant claimed that he was denied effective assistance of counsel at trial and cited the following reasons he believed counsel was ineffective: (1) counsel, he said, misrepresented to the appellant that he was a criminal defense attorney and, as a result of counsel’s inexperience in criminal matters, counsel did not properly prepare for and investigate the case; (2) counsel failed to object to the prosecution’s withholding of an allegedly exculpatory police report, in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); (3) counsel failed to object to the prosecutor’s alleged misconduct during the questioning of a defense witness and to comments the prosecutor made about the witness in closing argument; (4) counsel failed to move for a mistrial and/or ask for curative instructions when the prosecutor allegedly improperly commented, during argument, that the appellant faked to call any police officers to testify on his behalf; (5) counsel failed to strike for cause or to use peremptory challenges to remove jurors who, he said, were related to law enforcement officers; (6) counsel failed to object to or move to suppress evidence regarding a beeper; and (7) counsel failed to object to an allegedly confusing and misleading instruction to the jury to continue to deliberate. The appellant further claimed that his appellate counsel was ineffective because he failed to raise on appeal the above claims of ineffective assistance of trial counsel. The appellant had different counsel at trial and on appeal. Both trial counsel and appellate counsel were retained.[1]
On appeal, the appellant contends that the trial court should have held an eviden-tiary hearing to address his claims because, he argues, his claims, if proven, would have entitled him to relief under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The record reflects that the appellant, acting pro se, filed a motion for a new trial raising several claims of ineffective assistance of trial counsel. Two of those claims were also raised in the appellant’s Rule 32 petition. These included the claims that counsel misrepresented to the appellant that he was a criminal defense attorney and that counsel failed to object to, or to move to suppress, evidence con- *903 ceming the beeper. In denying the appellant’s motion for a new trial, the trial court stated that the appellant’s trial attorneys were both respected lawyers who were well known to the court and who “embodied the finest attributes of their honorable profession.” (C. 11.) The trial court noted that one of the appellant’s attorneys had been a district attorney for most of his career, and that “counsel behaved admirably at all times during the conduct of the trial as had counsel performed pretrial, filing appropriate discovery motions and attendance at pretrial conferences.” (C. 11.) In its order denying the appellant’s Rule 32 petition, the trial court noted that it had denied the ineffective-assistance-of-counsel claims raised in the appellant’s motion for a new trial. “While it is true that our cases hold that a judge must conduct a hearing on a post-conviction petition that is meritorious on its face, a judge who presided over the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon conduct that he observed.” Ex parte Hill, 591 So.2d 462, 468 (Ala.1991); see also Holland v. State, 621 So.2d 373, 375 (Ala.Cr.App.1993). Thus, we find that the two allegations of ineffective assistance of trial counsel previously raised in the appellant’s motion for a new trial are barred from our review because they were raised or addressed at trial. Rule 32.2(a)(2), Ala. R.Crim.P. They are also barred from our review because they could have been, but were not, raised on appeal. Rule 32.2(a)(5), Ala.R.Crim.P.
Further, all of the appellant’s remaining allegations of ineffective assistance of trial counsel in his petition are barred from our review because they could have been, but were not, raised at trial in the appellant’s motion for a new trial. Rule 32.2(a)(3), Ala.R.Crim.P.
Several of the appellant’s claims of ineffective assistance of trial counsel were raised or addressed on appeal. These included his claims that counsel failed to object to (1) the prosecutor’s alleged failure to disclose exculpatory evidence; (2) the prosecutor’s allegedly improper cross-examination of a defense witness and allegedly improper comments about that witness during argument; (3) the prosecutor’s allegedly improper comments during closing argument that the appellant had not called certain witnesses; and (4) the trial court’s instruction to the jury that allegedly had coerced the verdict. Therefore, these claims are also barred from our review because they were raised or were addressed on appeal. Rule 32.2(a)(4), Ala. R.Crim.P.
The appellant’s claim that trial counsel was ineffective for failing to remove, either for cause or by peremptory challenge, certain jurors who were allegedly related to law enforcement officers is barred from our review because it could have been, but was not, raised at trial or on appeal. Rules 32.2(a)(3) and (5), Ala. R.Crim.P.
Although all of the appellant’s claims of ineffective assistance of trial counsel are precluded from our review, the appellant’s claim that appellate counsel was ineffective is not. The appellant’s first opportunity to assert the alleged ineffectiveness of appellate counsel was in his Rule 32 petition. The merit of the appellant’s claim of ineffective assistance of appellate counsel depends, at least in part, on the merits of his claims of ineffectiveness of trial counsel: If trial counsel was not ineffective, then appellate counsel could not have been ineffective for failing to challenge on appeal trial counsel’s effectiveness.
The state argues that because the trial court found, in its order denying the appellant’s motion for a new trial, that counsel “behaved admirably at all times during the conduct of the trial,” there was no ground upon which appellate counsel could have based a claim of ineffective assistance of trial counsel. However, only two of the claims of ineffective assistance of trial counsel raised in the appellant’s motion for *904 a new trial were raised in his Rule 32 petition. Thus, this court cannot assume that the trial court’s findings in its order denying the appellant’s motion for a new trial also applied to the other claims of ineffective assistance of trial counsel raised in the appellant’s Rule 32 petition.
In its order denying the appellant’s Rule 32 petition, the trial court found only that the appellant’s claims of ineffective assistance of trial counsel had been the subject of his motion for a new trial and that, therefore, those claims could have been, but were not, raised on appeal. While this is true of some of the claims of ineffective assistance of trial counsel raised in the petition, the appellant’s claims of ineffective assistance of appellate counsel, as noted above, could not have been raised on appeal. Such claims must be considered and addressed by the trial court before they can be reviewed by this court. See Brown v. State, 681 So.2d 1102 (Ala.Cr.App.1996). The trial court, in its findings, made no mention of the appellant’s claims of ineffective assistance of appellate counsel.
Therefore, we remand this cause to the trial court with directions that it enter a written order setting forth its reasons for denying the appellant’s Rule 32 petition. Because the appellant’s claims of ineffectiveness of trial counsel are precluded from review, the trial court’s order should address only the appellant’s allegations of ineffective assistance of appellate counsel. Additionally, “ ‘[i]f the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order.’ ” Holland v. State, 621 So.2d 373, 375 (Ala.Cr.App.1993), quoting Sheats v. State, 556 So.2d 1094, 1095 (Ala.Cr.App.1989). The trial court, upon remand, is authorized to take whatever action under Rule 32, Ala.R.Crim.P., is necessary to render a final judgment on the petition. The trial court’s written order shall be made within 90 days from the release of this opinion.
REMANDED WITH DIRECTIONS. *
All the Judges concur.

. The procedure for new counsel to extend the time for filing a motion for a new trial, established in Ex parte Jackson, 598 So.2d 895, 897 (Ala.1992), was in effect when the appellant was convicted and sentenced. Ex parte Jackson was overruled by Ex parte Ingram, 675 So.2d 863 (Ala.1996), in February 1996.

 Note from the reporter of decisions: On December 18, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 26, 1999, that court denied rehearing, without opinion.