800 So.2d 135 (2000)
Ex parte Ruffus WALKER.[1]
(In re Rufus Walker v. State).
1972175.
Supreme Court of Alabama.
March 17, 2000.
Ruffus Walker, petitioner, pro se.
*136 Bill Pryor, atty. gen., and James B. Prude, asst. atty. gen., for respondent.
LYONS, Justice.
Ruffus Walker was convicted in 1993 of murder made capital because it was committed during a robbery and a rape, and he was sentenced to life imprisonment without the possibility of parole. On direct appeal, the Court of Criminal Appeals affirmed his conviction, without opinion. Walker v. State, 655 So.2d 65 (Ala.Crim. App.1994) (table).
This present certiorari review is of a judgment of the Court of Criminal Appeals, on June 19, 1998, affirming, without opinion, the trial court's summary dismissal of Walker's third postconviction petition filed pursuant to Rule 32, Ala. R.Crim. P. Walker v. State, 738 So.2d 943 (Ala.Crim. App.1998) (table). We granted Walker's petition for certiorari review to consider that aspect of his petition relating to the effectiveness, or ineffectiveness, of his counsel. He asserts that he had ineffective assistance of counsel both at trial and on his direct appeal. We affirm in part and reverse in part.
Walker contends that the Court of Criminal Appeals erred in holding that the trial court had properly dismissed his third Rule 32 petition as procedurally barred. In its unpublished memorandum affirming the dismissal, the Court of Criminal Appeals wrote:
"In his petition, the appellant raises numerous claims of ineffective assistance of trial and appellate counsel. The record reveals that he had the same counsel at trial and on appeal. In its order dismissing the present petition as precluded under both Rule 32.2(a)(4), [Ala. R.Crim. P.,] because the claim of ineffective assistance of counsel had been raised in a previous collateral petition and under Rule 32.2(b), as a successive petition, the circuit court noted that this was the third petition filed by the appellant. The circuit court also stated:
"`The Court further finds that the Court appointed able counselors, the Honorable Donald J. McKinnon and the Honorable J. Harvey Jones, both experienced trial counselors, that provided effective assistance far and above the standards that would be considered ineffective. The Court finds that the subsequent Rule 32 Petitions were ruled on by the trial Judge that presided over all proceedings to include trial and has personal knowledge of performance of counsel. That in addition thereto the Petitioner acted as his own counsel and was a participant with his counselors at trial and all proceedings.'"
Walker argues that a second or successive petition for postconviction relief cannot be deemed procedurally barred unless the prior petition or petitions were adjudicated on the merits, citing Blount v. State, 572 So.2d 498 (Ala.Crim.App.1990). In the Rule 32 petition now before us, in the sections requesting information about any previously filed "petitions, applications, or motions with respect to this judgment," as to both his first and second petitions Walker placed a check beside the response "No" in answer to the question "Did you receive an evidentiary hearing on your petition, application, or motion?" In its motion to dismiss Walker's third petition, the State contended that the petition should be precluded as "successive," that Walker's claim of ineffective assistance of counsel "is without merit and was addressed on the first Rule 32 Petition and is precluded under the provisions of Rule 32.2(a)(4)," and that the trial judge had personal knowledge of the performance of Walker's counsel. The Court of Criminal Appeals *137 responded as follows in its memorandum decision:
"On appeal, [Walker] argues that his third petition was improperly dismissed as successive because, he says, no previous petition was adjudicated on its merits.
"`While it is true that our cases hold that a judge must conduct a hearing on a post-conviction petition that is meritorious on its face, a judge who presided over the trial or other proceeding and observed the conduct of the attorneys at the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon conduct that he observed.'

Ex parte Hill, 591 So.2d 462, 463 (Ala. 1991). See also Andersch v. State, 716 So.2d 242, 246 (Ala.Crim.App.1997) (wherein this court held that no evidentiary hearing is necessary where `the events that serve as the basis of the ineffective counsel allegation were observed by the same judge who rules on the Rule 32 petition').
"[Walker's] petition was precluded by Rule 32.2(b), Ala. R.Crim. P., as a successive petition because the previous petition was adjudicated on the merits. The circuit court did not err in summarily dismissing the petition."
In his certiorari petition, Walker insists that his ineffective-assistance-of-counsel claims cannot be deemed procedurally barred because, he argues, his previous petitions were not adjudicated on their merits, and he contends that the decision of the Court of Criminal Appeals conflicts with Blount v. State, wherein the Court of Criminal Appeals stated:
"[A] second or successive petition on the same or similar grounds cannot be deemed procedurally barred unless the same or similar grounds asserted in a prior petition were adjudicated on their merits.... Thus, the first inquiry in determining whether a subsequent petition, on the same or on different grounds, is successive is whether a prior petition was decided on its merits."
572 So.2d at 500-01. The Blount court went on to state that it did not consider the trial court's order denying the defendant's initial postconviction petition, an order entered without a hearing, "as a decision on the merits of the issues raised." Id. at 501. See, also, Ex parte Hill, 591 So.2d 462, 463 (Ala.1991).
In its brief in response to Walker's certiorari petition, the State argues that the ineffective-assistance-of-counsel claims in Walker's third petition should be denied as "successive" because, the State says, he raised them in previous petitions and they were denied on the merits:
"Walker contends the petition is not successive because the prior petitions were not adjudicated on the merits as required by Blount v. State, 572 So.2d 498 (Ala.Crim.App.1990). Walker's claim [of ineffective assistance], however, was denied on the merits because the same judge who presided over his trial heard and dismissed the prior petitions. The trial judge had personal knowledge of the representation given by trial counsel and, apparently, found counsel to have been effective. The trial judge did not have to hold an evidentiary hearing on the claim to deny it on the merits. `While it is true that our cases hold that a judge must conduct a hearing on a post-conviction petition that is meritorious on its face, a judge who presided over the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon conduct that he observed.' Tolbert v. State, [733 So.2d 901, 903] (Ala.Crim.App.1997) [(quoting Ex parte Hill, 591 So.2d 462, 463 (Ala.1991))].... Walker's claim *138 was decided on the merits in the previous petitions and he is not entitled to another review of the claim in this third petition."
The State does not tell us, however, whether, as to either or both of his previously filed petitions, Walker was afforded an evidentiary hearing on his ineffective-assistance claim, nor does the State treat separately Walker's claim that his appellate counsel was ineffective.
Heretofore, Walker's various claims of ineffective assistance have been considered collectively, without any differentiation between his claims that his lawyers rendered ineffective assistance at trial and his claims that they rendered ineffective assistance again during appellate proceedings. Those claims must, however, be discussed separately.
As to Walker's claim that his trial counsel was ineffective, the Court of Criminal Appeals correctly held that that claim was precluded as successive. A circuit court may summarily dismiss a Rule 32 petition without an evidentiary hearing if the judge who rules on the petition has "personal knowledge of the actual facts underlying the allegations in the petition" and "states the reasons for the denial in a written order." Sheats v. State, 556 So.2d 1094, 1095 (Ala.Crim.App.1989). In Walker's case, the judge who presided over his trial also ruled on his third Rule 32 petition. As that judge stated in his order denying that third petition, he had personal knowledge of the performance of Walker's trial counsel. Therefore, it was not necessary that he hold an evidentiary hearing on Walker's allegations that he had had ineffective assistance at trial.
As to Walker's claim that he had had ineffective assistance of counsel on appeal, however, the Court of Criminal Appeals erred in holding that that claim was precluded as successive. That claim may be meritorious. If a Rule 32 petition contains allegations that, if true, would entitle the petitioner to relief, the trial court must hold an evidentiary hearing. Smith v. State, 581 So.2d 1283 (Ala.Crim. App.1991) (citing Ex parte Boatwright, 471 So.2d 1257 (Ala.1985)). Even though Walker was represented at trial and on appeal by the same lawyers, the trial court did not have personal knowledge of the performance of Walker's lawyers on appeal. Walker's claim alleging ineffective assistance of appellate counsel is based upon conduct of those lawyers that the trial court could not have observed. Therefore, the trial court erred in summarily dismissing Walker's third Rule 32 petition insofar as it stated a claim of ineffective assistance of appellate counsel, and the Court of Criminal Appeals erred in affirming that dismissal, even though Walker had filed other Rule 32 petitions in which he made this claim, because as to that claim he apparently has never received a hearing.
We affirm the judgment of the Court of Criminal Appeals insofar as it relates to Walker's claim alleging ineffective assistance of trial counsel, but we reverse that judgment insofar as it relates to Walker's claim alleging ineffective assistance of appellate counsel. We remand the cause for the Court of Criminal Appeals to direct the trial court to hold an evidentiary hearing pursuant to Rule 32.9, Ala. R.Crim. P., to address only Walker's claim of ineffective assistance of appellate counsel.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
HOOPER, C.J., and HOUSTON, COOK, SEE, JOHNSTONE, and ENGLAND, JJ., concur.
*139 MADDOX, J., concurs specially.
BROWN, J., recuses herself.[*]
MADDOX, Justice (concurring specially).
Although I agree that the defendant Walker must be afforded the opportunity to present evidence in support of his contention that his counsel provided ineffective legal assistance at the appellate level, I recognize the burdens that Rule 32, Ala. R.Crim. P., places on trial judges. It may be that, as a general matter, trial judges are not ideally suited to determine whether a defendant's appellate counsel provided effective legal assistance. However, we presently have no rules or standards that allow a defendant seeking postconviction relief to bring information before an appellate court on an issue such as this that has not been admitted into evidence in the trial court. If the trial court rules against Walker, he may seek review in an appellate court based on the record built in the trial court.
NOTES
[1] The defendant filed his petition under the name Ruffus Walker. The related case in the Court of Criminal Appeals spelled his name Rufus Walker. Materials filed in the Supreme Court carry both spellings.
[*] Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.