On December 5, 1996, Nathaniel Scroggins was convicted of one count of murder, one count of murder made capital because the murder was committed by the use of a deadly weapon while the victim was in a vehicle, and one count of murder made capital because the murder was committed by the use of a deadly weapon fired from within a vehicle. The trial court sentenced Wallace to life in prison for the murder charge and to life in prison without the possibility of parole for each count of capital murder. This court affirmed his convictions and sentences. Scroggins v. State,727 So.2d 123 (Ala.Crim.App. 1997). On July 10, 1998, the Alabama Supreme Court reversed the trial court's judgment and remanded the cause. Exparte Scroggins, 727 So.2d 131 (Ala. 1998). Scroggins was retried and, on March 24, 1999, was convicted of two counts of capital murder. The trial court sentenced him to life imprisonment without the possibility of parole. Scroggins filed a motion for a new *Page 880 
trial, which the trial court summarily denied. Scroggins appealed, and this court, without an opinion, dismissed his appeal as untimely.Scroggins v. State, 768 So.2d 1035 (Ala.Crim.App. 1999) (table). On May 27, 1999, the trial court granted an out-of-time appeal. Scroggins appealed, and, on August 20, 1999, this court affirmed his convictions and sentences in an unpublished memorandum. Scroggins v. State, 778 So.2d 882
(Ala.Crim.App. 1999) (table).
On August 30, 2000, Scroggins filed his first Rule 32, Ala.R.Crim.P., petition. On the same day, the circuit court denied Scroggins's Rule 32 petition without allowing the State to respond. Scroggins appealed the circuit court's denial. We remanded this case twice to the circuit court to clarify the record. On the second return to remand, the circuit court entered the following order:
 "A review of the record in the above styled case reflects that one Rule 32 Petition has been filed subsequent to petitioner's March 24, 1999 conviction on retrial.
 "No hearing was conducted ancillary to the undersigned's August 30, 2000 denial of relief — the undersigned mistakenly stating that the statute of limitation had run.
 "There have been no hearings on any of the Petitions filed by petitioner and there are no written orders re any petitions other than summary denials.
 "Finally, Petition for re [sic] Rule 32 filed August 30, 2000 is denied — allegations are `canned' and preposterous.
 "Trial counsel, the same counsel who successfully [achieved] a reversal in the first conviction, performed admirably at all times, pretrial, during trial, and past trial."
(Order on Return to Remand.)
"[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, the court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001). Moreover, "[i]f the circuit court is correct for any reason, even though it may not be the stated reason, we will not reverse its denial of the petition.See Roberts v. State, 516 So.2d 936 (Ala.Cr.App. 1987)." Reed v. State,748 So.2d 231 (Ala.Crim.App. 1999).
Rule 32.7(d), Ala.R.Crim.P., provides for the summary disposition of a Rule 32 petition only
 "[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b)], or is precluded [under Rule 32.2, Ala.R.Crim.P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by further proceedings. . . ."
"`When the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true.'" Bates v. State,620 So.2d 745, 746 (Ala.Crim.App. 1992) (quoting Smith v State,581 So.2d 1283, 1284 (Ala.Crim.App. 1991)). Scroggins's first Rule 32 petition contained both claims that were appropriate for summary dismissal and claims, enumerated below, that required closer scrutiny. The more appropriate procedure for a circuit court in such a situation is to allow the State to respond and to hold an evidentiary hearing if necessary, rather than summarily dismissing the entire petition. The circuit court must address a claim that, on its face, appears to have merit.
Therefore, we remand this cause a third time for the circuit court to address the claims that, from the record before us, were not appropriate for summary dismissal. Specifically, after allowing the State to respond, if necessary, and after *Page 881 
holding an evidentiary hearing, if necessary,[1] the circuit court should address the following claims and make specific findings in its order:
 1. Did the trial court properly administer the oath to the jury venire prior to voir dire as required by Rule 12.1(c)?
 2. Did Scroggins's appellate or trial counsel render ineffective assistance by failing to raise at trial or on appeal the claim that the trial court did not administer the oath to the jury venire?
 3. Did Scroggins's appellate or trial counsel render ineffective assistance by failing to raise at trial or on appeal the claim that the grand jury was not properly sworn?
As for the remainder of the claims in Scroggins's first Rule 32 petition, in the interest of judicial economy — because this is the third remand — and to clear up any confusion regarding summary dismissal, we explicate those claims in Scroggins's petition that were properly summarily dismissed.
First, Scroggins argues that his appellate counsel was ineffective for failing to raise in a motion for a new trial a claim of ineffective assistance of trial counsel. However, Scroggins does not state clearly and specifically how his trial counsel rendered ineffective assistance to indicate how his appellate counsel erred by not alleging ineffective assistance of trial counsel in a motion for a new trial. "A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." Rule 32.6(b), Ala.R.Crim.P. Thus, the circuit court did not abuse its discretion by dismissing this claim summarily because Scroggins failed to state a claim. Rule 32.7(d), Ala.R.Crim.P.
Second, Scroggins argues that the grand jury that indicted him was not sworn. However, this claim is precluded because Scroggins could have, but did not, raise this claim at trial. Rule 32.2(a)(3), Ala.R.Crim.P. Seealso Rule 12.9, Ala.R.Crim.P. (stating that grand jury proceedings may be challenged only by a written motion to dismiss the indictment, filed after the indictment is returned, but before arraignment). Therefore, the circuit court did not abuse its discretion by summarily denying Scroggins's claim. Rule 32.7(d).
Third, Scroggins argues that his trial and appellate counsel rendered ineffective assistance by failing to object to the trial court's "combining 13A-5-40(a)(17) and (18) to create a new capital murder offense that was never expressly interpreted by the Alabama Legislature." (Appellant's brief, p. 2.) Specifically, Scroggins claims that his trial counsel and his appellate counsel should have objected to the trial court's instruction to the jury that "two (2) people, i.e., the victim and perpetrator[,] being in the same vehicle when one is killed constitutes a capital offense." (Appellant's brief, p. 2.) In his petition, Scroggins did not quote that part of the trial court's instruction to the jury wherein it allegedly created a new capital offense. Moreover, Scroggins did not offer any legal basis for his argument that, because *Page 882 
both he and the victim were in the same car when he shot the victim, the offense was not capital.[2] Therefore, Scroggins did not satisfy his burden of pleading under Rule 32.3; he presented a mere bare allegation, rather than a material issue of fact or law that would entitle him to relief. The circuit court did not abuse its discretion by summarily denying Scroggins's claim. Rule 32.7(d).
Fourth, Scroggins argues that the trial court erroneously interpreted §§ 13A-5-40(a)(17) and (18), Ala. Code 1975, to mean that, when the victim and the perpetrator are in the same vehicle at the moment the victim is killed, a capital offense has been committed. As stated above, Scroggins did not offer a legal basis for this argument. Rather, Scroggins presented a bare allegation and did not present a material issue of law that would entitle him to relief. Moreover, this claim is precluded because Scroggins could have, but did not, raise this claim at trial or on appeal. Rule 32.2(a)(3) and (5). Therefore, the circuit court did not abuse its discretion by summarily denying Scroggins's claim. Rule 32.7(d).
Fifth, Scroggins argues that the trial court never had jurisdiction over this cause because the warrant for his arrest and the underlying affidavit were insufficient "to support the arrest and formal charge of the Appellant." (Appellant's brief, p. 7.) However, Scroggins did not state specifically how the warrant and affidavit were lacking. Rule 32.6(b). Nor did he satisfy his burden of pleading under Rule 32.3 by attaching to his petition a copy of the warrant and the affidavit. Moreover, this claim is precluded because Scroggins could have raised it, but did not raise it, at trial or on appeal. Rule 32.2(a)(3) and (5), Ala. Code 1975. See also Owens v. State, 666 So.2d 32
(Ala.Crim.App. 1994); Gay v. State, 624 So.2d 1389 (Ala.Crim.App. 1992). Thus, the circuit court did not abuse its discretion by summarily dismissing Scroggins's claim. Rule 32.7(d).
This cause is remanded to the circuit court for that court to conduct any proceedings necessary and for that court to address the three questions regarding the swearing of the venire and the related ineffective-assistance-of-counsel claims. That court shall make due return to this court within 28 days of the date of this opinion.
REMANDED WITH DIRECTIONS.
McMillan, P.J., and Baschab and Shaw, JJ., concur. Wise, J., recuses herself.
[1] Although the circuit court need not hold an evidentiary hearing to address the merits of Scroggins's claims of ineffective assistance of trial counsel, Ex parte Hill, 591 So.2d 462 (Ala. 1991), the circuit court may find it necessary to hold a hearing regarding Scroggins's claims of ineffective assistance of appellate counsel. Ex parte Walker,800 So.2d 135 (Ala. 2001).
[2] Section 13A-5-40(a)(17) provides that "[m]urder committed by or through the use of a deadly weapon while the victim is in a vehicle" is a capital offense. Section 13A-5-40(a)(18) provides that "[m]urder committed by or through the use of a deadly weapon fired or otherwise used within or from a vehicle" is a capital offense. *Page 883