WISE, Judge.
The appellant, Travian DeBois Ray, appeals from the circuit court’s denial of his petition for posteonvietion relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 2000 conviction for unlawful distribution of a controlled substance (cocaine) and the resulting sentence of 45 years’ imprisonment. We affirmed Ray’s conviction on direct appeal, by an unpublished memorandum, Ray v. State, 819 So.2d 122 (Ala.Crim.App.2001) (table), and we issued a certificate of final judgment on November 13, 2001.
On April 4, 2002, Ray filed a Rule 32 petition, challenging his conviction. The petition sought relief on numerous grounds. On May 20, 2002, the State filed an answer and a motion to dismiss Ray’s petition. On May 23, 2002, the circuit court summarily denied Ray’s petition. The order stated, in pertinent part:
“Upon consideration of Petitioner’s petition, the State’s response, and the record in this case, the Court finds as follows:
“1. All allegations are precluded by Rule 32.2(a)(3) and (a)(5) because they could have been [raised] at trial or on appeal.
“2. The petition fails to state a claim upon which relief could be granted.
“3. No material issue of fact or law exists which would entitle Petitioner to relief.
“4. Petitioner has failed to meet the burden of proof in his petition.
“5. No purpose would be served by any further proceeding.
“Accordingly, it is hereby ORDERED that the petition of Travian DeBois Ray for post-conviction relief filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure is hereby denied and dismissed pursuant to Rule 32.7(d).”
(C. 29-30.) This appeal followed.
On appeal, Ray argues that the trial court erred in summarily denying his Rule 32 petition because, he says, his petition presented claims of ineffective assistance of counsel that were facially meritorious.
Rule 32, Ala.R.Crim.P., requires the circuit court judge to conduct an evi-dentiary hearing on a Rule 32 petition that appears meritorious on its face. However, the Alabama Supreme Court has held that a circuit court judge who presided over a petitioner’s trial and who observed the conduct of the petitioner’s attorneys at trial need not hold a hearing on the effectiveness of those attorneys. Ex parte Hill, 591 So.2d 462, 463 (Ala.1991). The fact that a circuit court judge is not required to conduct an evidentiary hearing on a petitioner’s claims of ineffective assistance of trial counsel if that judge personally observed the conduct of counsel does not, however, relieve that judge of the responsibility of entering a sufficiently specific order addressing each of the petitioner’s claims of ineffective assistance of trial *479 counsel. See Alvis v. State, 762 So.2d 380 (Ala.Crim.App.1999); Benefield v. State, 583 So.2d 1370 (Ala.Crim.App.1991) (wherein this Court noted in both cases that meritorious allegations “warrant either an evidentiary hearing or an adequate explanation for their denial”).
Here, Ray raised a number of claims of ineffective assistance of counsel against both his trial counsel and his appellate counsel. Of particular concern to this Court are Ray’s Apprendi[1] claims. Ray claims that his trial counsel failed to object to the State’s failure to prove that he sold cocaine within three miles of both a school campus and a public housing project, despite the fact that the United States Supreme Court had recently released a decision mandating such proof. Moreover, he claimed that his appellate counsel was ineffective in that he failed to ensure that a motion for a new trial raising this claim was filed, or, if one was filed, that it was included in the record,[2] so that this Court could review the merits of his ineffective-assistance-of-trial-counsel claim. Therefore, it appears that this Rule 32 petition was the first opportunity Ray had to raise his claims of ineffective assistance of counsel against his trial counsel and his appellate counsel. See Andersch v. State, 716 So.2d 242, 245 (Ala.Crim.App.1997). Thus, the circuit court incorrectly determined that Ray’s claims were precluded from review.
Ray’s ineffective-assistance-of-counsel claims also appear to be facially meritorious. Ray claimed that had his counsel objected to the State’s failure to prove that he sold cocaine within three miles of both a school campus and a public housing project, this Court would have determined that the mandatory sentence enhancements provided in §§ 13A-12-250 and 13A-12-270, Aa.Code 1975, were improperly imposed. His claim is correct. See Poole v. State, 846 So.2d 370, 373 (Ala.Crim.App.2001). See also Ex parte Hale, 848 So.2d 224, 233 (Ala.2002) (adopting this Court’s holding and rationale in Poole). Given the fact that, had Ray’s trial counsel made an Apprendi objection or had his appellate counsel raised the issue on appeal, this Court would likely have remanded his case to the circuit court with instructions to vacate the mandatory statutory enhancements, we fail to see how counsel’s conduct did not prejudice Ray’s defense. Moreover, counsel’s errors were not harmless, given that Ray’s sentence would have been 35 years’ imprisonment rather than the 45-year sentence he received.
Based on the foregoing, we conclude that Ray’s claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel are not precluded from review. Moreover, because several of the claims are facially meritorious, we must remand this cause to the circuit court for that court to enter a new order addressing the merits of Ray’s claims of ineffective assistance of counsel. Should the trial court deem it necessary to hold an evidentiary hearing addressing Ray’s claims,[3] the circuit court’s return to remand shall include a transcript of those proceedings. Rule 32.9(d), Ala.R.Crim.P., requires the circuit court to “make specific findings of fact relating to each material issue of fact presented.” See also Ex *480 parte Walker, 652 So.2d 198 (Ala.1994); Smith v. State, 665 So.2d 954 (Ala.Crim.App.1994). In making these factual determinations, the circuit court may take judicial notice of the record in Ray’s 2000 trial. If the court’s findings are based on its personal knowledge of Ray’s trial, then the order should so state. See Sheats v. State, 556 So.2d 1094, 1095 (Ala.Crim.App.1989). As we have stated, “[a] statement of the basis of the [circuit] court’s decision is essential to afford the appellant due process.” Owens v. State, 666 So.2d 31, 32 (Ala.Crim.App.1994).
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion. We pretermit discussion of Ray’s remaining claims.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.

. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

. If such a motion was made, it was not included in the record on appeal, thus precluding appellate review of this claim.

. The court may take evidence as provided in Rule 32.9(a), Ala.R.Crim.P.

 Note from the reporter of decisions: On August 22, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On September 12, 2003, that court denied rehearing, without opinion. On November 7, 2003, the Supreme Court denied certiorari review, without opinion (1022103).