McMILLAN, Presiding Judge.
The appellant, Jeffrey Scott Owens, filed a Rule 32, Ala. R.Crim. P., petition, attacking his conviction for first-degree sexual abuse and his sentence of 10 years’ imprisonment. This Court affirmed Owens’s conviction and sentence by an unpublished memorandum, J.S.O. v. State, 796 So.2d 455 (Ala.Crim.App.1999) (table).
In his Rule 32 petition, Owens argued that he was denied effective assistance of trial counsel. Specifically, he alleged that counsel was deficient for the following reasons: (1) counsel did not present evidence of Owens’s reputation and character; (2) he did not allow Owens to testify in his own behalf; and (3) he failed to object to the State’s vouching for its own witness. The State moved to dismiss, arguing that Owens had failed to meet the test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as to his ineffective-assistance claims. The trial court held an evidentiary hearing in this matter and denied Owens’s petition. In its order of dismissal, the trial court made the following findings:
“(1) The trial counsel made a calculated decision not to open the door to character. In hindsight, this may not have been the best decision. However, the Court could not find that the trial counsel was ineffective based on hindsight. The Court must view the strategy as reasonable at the time of trial. Therefore, the Court cannot find that the trial counsel was ineffective by not calling character witnesses.
“(2) The trial counsel told [Owens] that he thought the prosecution would ‘eat him alive’ if he testified. This was clearly trial strategy. Therefore, the Court cannot find that the trial counsel was ineffective by not putting [Owens] on the stand.
“(3) The State vouching for a witness was an issue raised on appeal and denied. Any issue that is or can be raised *1023 on appeal cannot be collaterally attacked.”
It is settled Alabama law that an appellant must satisfy the two-pronged test outlined in Strickland, supra, in order to successfully argue an ineffective-assistance-of-counsel claim. Williams v. State, 480 So.2d 1265 (Ala.Crim.App.1985). The Strickland test requires that the appellant prove not only that counsel’s performance was deficient, but also that the deficiency prejudiced the appellant’s defense. This Court indulges the presumption that trial counsel’s representation was sufficient and that counsel did provide the appellant with effective assistance. Hallford v. State, 629 So.2d 6 (Ala.Crim.App.1992). Here, the trial court found that two of the actions complained of — not presenting character evidence and not allowing Owens to testify — were decisions that were part of counsel’s trial strategy. Owens has not shown that this finding was error or that trial counsel’s decisions were unreasonable. See Falkner v. State, 462 So.2d 1040 (Ala. Crim.App.1984). The trial court properly denied these two claims.
However, the trial court’s order did not properly address the claim that the State vouched for its own witness. Although the order correctly stated that the issue of the State’s vouching for its witness was raised and addressed on direct appeal in that we held that the issue had not been preserved, here Owens has argued that trial counsel was ineffective for failing to preserve this issue for review. The State has requested that this matter be remanded to the trial court for specific findings of fact on that issue, and the record supports such a request. Ray v. State, 880 So.2d 477 (Ala.Crim.App.2002).
Therefore, we remand this case for the Baldwin Circuit Court to make specific findings as to Owens’s claim that trial counsel failed to preserve a claim that the State improperly bolstered its own witness at trial. The circuit court is to conduct further evidentiary proceedings if it deems such proceedings necessary. Due return shall be made to this Court within 49 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
SHAW and WISE, JJ., concur.
COBB, J., concurs in the result.
BASCHAB, J., recuses herself.

 Note from the reporter of decisions: On April 23, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On May 21, 2004, that court denied rehearing, without opinion. On November 19, 2004, the Supreme Court denied certiorari review, without opinion (1031340).